OPINION OF THE COURT
Phillip R. Rumsey, J.
Petitioner commenced this proceeding, pursuant to CPLR 3102, seeking an order and judgment granting relief that he alleges is necessary to preserve information which he requested that respondent Ithaca City School District (ICSD) provide pursuant to Public Officers Law article 6 (Freedom of Information Law [herein FOIL]), but which may not have been provided. On September 29, 2015, petitioner requested, pursuant to FOIL, that ICSD provide all records regarding an appearance that Bassem Tamimi made before third graders at the Beverly J. Martin Elementary School on September 18, 2015. On November 3, 2015, ICSD provided a response that, in relevant part, stated that
“[a]s of today’s date, there is one additional matter pertaining to your FOIL request that remains unresolved. We asked school employees to provide any and all records in their possession that fit within the parameters of your FOIL request, regardless of where those records are located, including but not limited to records maintained by them on their personal computers, cell phones and/or other personal storage devices. To date, we have not heard back from some of those employees. Therefore, we have no way of knowing whether our employees possess any additional responsive records, and no way of knowing, without reviewing those records, whether such additional records (if any) contain information that can lawfully be and/or needs to be redacted or withheld under FOIL. However, it is at least possible that additional responsive records may be uncovered. We will get back to you about such additional respon *739 sive records (if indeed there are any) on or before December 1, 2015.” (Letter from Amanda Verba, ICSD Records Access Officer, to petitioner dated Nov. 3, 2015 at 2-3 [copy of letter is attached as exhibit B to petition and as exhibit B to aff of Amanda Verba, sworn to Dec. 31, 2015 (Verba aff)].)
ICSD provided the following additional response on the promised deadline of December 1, 2015:
“This is to follow up regarding the unresolved matter referenced in our November 3, 2015 response letter to your FOIL request dated September 29, 2015.
“As previously indicated, we asked school employees to provide, for the District’s review, any and all records in their possession that fit within the parameters of your FOIL request, regardless of where those records are located, including but not limited to records maintained by them on their personal computers, cell phones and/or other personal storage devices.
“In response, the Ithaca Teachers Association (ITA) President informed us that the ITA considers any records that were sent or received by ITA members via their personal e-mail accounts and/or personal devices, to be personal in nature. Therefore, the ITA President has informed us, that to the extent that any such records exist, they will not be furnished by ITA members.
“Consequently, we have not identified any additional records that may be responsive to your FOIL request. To be clear, we are not denying you any records, except as specified in our November 3, 2015 response letter. The District is not the custodian of any additional records.
“This will complete our response to your FOIL request.” (Letter from Amanda Verba, ICSD Records Access Officer, to petitioner dated Dec. 1, 2015 [copy of letter is attached as exhibit C to petition and as exhibit C to Verba aff].)
On December 2, 2015, petitioner filed an administrative appeal of ICSD’s response to his FOIL request.* Petitioner commenced this proceeding by filing a petition and proposed order *740 to show cause on December 8, 2015. The court executed an order to show cause containing a temporary restraining order (TRO) on December 9, 2015. Decision on the administrative appeal was issued on December 16, 2015. ITA cross-moved to vacate the TRO, ab initio.
ICSD’s sole argument in opposition to the petition is that petitioner is not entitled to obtain pre-action disclosure pursuant to CPLR 3102 (c), but, rather, must commence a CPLR article 78 proceeding to obtain any records that he believes ICSD wrongfully failed to produce in response to his FOIL request. In that regard, it further argues that this proceeding must be dismissed on the basis that petitioner failed to exhaust his administrative remedies because decision on the administrative appeal was still pending when he commenced this proceeding. ICSD’s argument is unavailing, inasmuch as it is based on a selective reading of CPLR 3102 (c) that ignores the plain language of the statute. CPLR 3102 (c) provides that “ [b] efore an action is commenced, disclosure to aid in bringing an action, to preserve information or . . . aid in arbitration, may be obtained, but only by court order” (emphasis supplied). Petitioner does not seek disclosure to aid in bringing an action, or an article 78 proceeding, but, rather, seeks relief aimed at preserving records, as specifically authorized by CPLR 3102 (c), so that they will be available if it is later determined, either through the administrative appeal process or by court proceeding, that they must be produced (see petition ¶ 23).
Moreover, ICSD’s argument would leave petitioner without a remedy to guard against the potential for destruction of records in this case. ICSD concedes that records maintained on personal devices are subject to FOIL disclosure, and, in fact, it made efforts to obtain any such records that may exist (see e.g. Verba aff, exhibits A, D). In light of the December 1, 2015 final response by ICSD to petitioner’s first FOIL request—which advised that ITA had informed ICSD that any records sent or received on a member’s personal device were personal and would not be provided to ICSD for review—petitioner had a reasonable basis for his concern that such records would be deleted or otherwise destroyed and not provided to him through the FOIL process. ICSD argues that petitioner was unable to commence an article 78 FOIL proceeding—in which he may have been able to seek interim injunctive relief—at that time because he was still awaiting decision on the administrative appeal that he had filed. Thus, if an article 78 FOIL proceed *741 ing had been his sole remedy, he would have had no vehicle for seeking judicial assistance to preserve records stored on employees’ personal devices pending completion of the FOIL process. Therefore, this proceeding to preserve information was properly commenced, pursuant to CPLR 3102 (c).
ITA argues that it is not a proper party to this proceeding because it has no obligations under FOIL. While it is true that ITA has no direct obligations under FOIL because it is not a public agency, this is not a FOIL proceeding. Moreover, ITA inserted itself into the process by providing its members with advice about how they should respond to ICSD’s request for records subject to FOIL disclosure and by communicating directly with ICSD about the existence of responsive records. ITA may have originally advised its members that records sent or received on their personal devices were personal records, and not ICSD records, even if they involved ICSD business. ITA has acknowledged that its members were obligated to follow the lawful directives of ICSD and that it provided advice to several members about meeting such obligations. ITA president Piasecki certified to ICSD that all responsive documents were delivered in October 2015 (see Verba aff, exhibit F). Accordingly, ITA is a proper party to this proceeding seeking preservation of information.
The relief available to petitioner in this proceeding must be commensurate with the relief that would be available to him under FOIL; he may not expand the scope of substantive relief by bringing a proceeding pursuant to CPLR 3102 (c) rather than FOIL. Under FOIL, it is ICSD’s obligation to identify any records that may be responsive to petitioner’s FOIL request, to review the records assembled to determine whether any exemptions may apply, and to issue a response; there is no provision permitting a requesting party to actively participate in that process. Thus, petitioner’s request that he be permitted to engage in discovery by examining witnesses under oath and issuing subpoenas must be, and hereby is, denied.
In crafting appropriate relief, it bears emphasizing that ICSD has determined that records maintained on personal devices are subject to FOIL disclosure, and that all parties have conceded that ICSD employees have the duty to cooperate with their employer in the FOIL process. However, there is presently no proof suggesting that ICSD spoke directly with employees who were involved in the Tamimi event or inspected their personal devices or accounts to obtain information that *742 may be responsive to petitioner’s FOIL request. Rather, to date, ICSD has improperly relied only upon certification from ITA president Piasecki that all records responsive to petitioner’s FOIL request that may exist on employees’ personal devices have been provided. Accordingly, in an effort to ensure that appropriate efforts are made to preserve information that may be responsive to petitioner’s FOIL request pending completion of the FOIL process, it is ordered that:
1. All records responsive to petitioner’s FOIL request shall be preserved on personal devices of ICSD employees, and on devices under the control of ITA or its members, until such time as copies have been delivered to ICSD.
2. ICSD employees with information responsive to petitioner’s request shall reasonably and promptly cooperate with ICSD in identifying such records and providing copies to ICSD in accordance with this decision, order and judgment.
3. ITA and its employees and officers shall promptly provide ICSD with copies of any records in their possession that are responsive to petitioner’s FOIL request.
4. ICSD shall establish a procedure for conferring personally with each employee who was involved in scheduling or overseeing the Tamimi event to determine whether their respective personal devices contain any records that may be responsive to petitioner’s request. Employees may have counsel and/or an ITA representative present during that process. Upon completion of that process, and within 30 days from the date of this decision, order and judgment, ICSD shall provide petitioner with a further FOIL response: (a) describing the process used to determine whether any such records exist; (b) identifying any employees who were interviewed; (c) identifying additional records, if any, that may be located; and (d) providing petitioner with copies of any identified records, or, if all or part of any record is to be withheld, a statement of the reasons therefor.
5. Except as specifically provided herein, the petition is denied.
6. ITA’s cross motion seeking vacatur of the TRO ab initio is denied.
7. In light of the provisions made herein for preservation of information that may be responsive to petitioner’s FOIL request, the TRO is hereby vacated.

 Petitioner also filed a second FOIL request with ICSD on December 2, 2015.